IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA N. CRUZ GARCIA, et al., <br><br>**Plaintiff(s)** <br><br>v. <br><br> PONCE DISTRICT HOSPITAL CORP., et al., <br><br>**Defendant(s)** | **CIVIL NO.** 04-2301 (JAG) |

**ORDER**

On November 23, 2004, plaintiffs Elba N. Cruz Garcia ("Cruz") and Moises Feliciano Santana ("Feliciano"), by themselves and on behalf of their minor son Jeremy Feliciano Cruz ("Jeremy")(collectively "plaintiffs"), filed this complaint pursuant to Puerto Rico's general tort statute, P.R. Laws Ann. 31 § 5141, alleging medical malpractice during Cruz's pregnancy and Jeremy's birth in 1988 which resulted in permanent damage to Jeremy (Docket No. 1). On January 26, 2005, defendant SIMED, as insurer for Dr. Orlando Brinn Esparra, moved for dismissal of Cruz's and Feliciano's causes of action as being time-barred (Docket No. 22). The motion stands unopposed.

In Puerto Rico, the statue of limitations for tort actions is one year. See P.R. Laws Ann. 31 § 5298. The limitations period can be tolled "by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. 31 § 5303. Furthermore, when the

Civil No. 04-2301 (JAG)                                                    2

cause of action belongs to a minor, the limitations period does not begin until he reaches the age of twenty-one.  See P.R. Laws Ann. 31 § 971 & 32 § 254.

In its motion, SIMED argues that plaintiffs Cruz and Feliciano failed to toll the limitations period for their causes of action and, therefore, their claims are time-barred and must be dismissed. From the complaint it is evident that the events giving rise to plaintiffs' cause of action occurred around September of 1988. Thus, in order to comply with the limitations period, the complaint should have been filed by September 1989.  Because Jeremy is still a minor, he was sixteen years old at the time of filing, his cause of action has not expired and his claims are timely.  Cruz and Feliciano, however, knew of the damages caused to their son since September of 1988.  Without evidence that they took any action that would toll the limitations period, their claims, filed sixteen years after the tortious acts, are time-barred and must be dismissed.

Accordingly, the motion to dismiss (Docket No. 22) is **GRANTED**. There being no just reason for delay, the Court will enter partial judgment dismissing Cruz and Feliciano's claims **with prejudice** pursuant to Fed.R.Civ.P. 54(b).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of April 2005.

                                            S/Jay A. Garcia-Gregory
                                            JAY A. GARCIA-GREGORY
                                            United States District Judge